TIFFANY & BOSCO
P.A.
2525 E. CAMELBACK ROAD
SUITE 300
PHOENIX, ARIZONA 85016
TELEPHONE: (602) 255-6000
FACSIMILE: (602) 255-0192

Mark S. Bosco
State Bar No. 010167
Leonard J. McDonald
State Bar No. 014228
Attorneys for Movant

08-65537/0203904826

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| IN RE:<br><br>Pamela R. Schmidt<br>Debtor.<br><br>Wells Fargo Bank, N.A.<br><br>Movant,<br>vs.<br><br>Pamela R. Schmidt, Debtor;<br>Russell A. Brown, Trustee.<br><br>Respondents. | No. 0:08-bk-15042-RJH<br><br>Chapter 13<br><br>(Related to Docket # 21)<br><br>**STIPULATION REGARDING<br>MOTION FOR RELIEF**<br><br>RE: Property located at<br>9459 West Bonanza Avenue<br>Dolan Springs, AZ 86441 |

IT IS HEREBY STIPULATED by and between the parties herein, through counsel undersigned, that all stays and injunctions, including the automatic stays under U.S. Bankruptcy Code Section 362(a), are hereby vacated with respect to the real property which is the subject of the Deed of Trust recorded in the records of the Mohave County, Arizona Recorder's Office, wherein Pamela R. Schmidt, is

designated as trustor and Wells Fargo Bank, N.A. is the current beneficiary, which Deed of Trust encumbers the following described real property:

* Re-Recorded on 02/02/07 in Book-Page 6652-560.

Lot Thirty (30), GOLDEN HORSESHOE RANCHOS, UNIT 2, according to the Plat thereof, recorded March 14, 1962, at Fee No. 110821, in the office of the County Recorder of Mohave County, Arizona, EXCEPT all coal, oil, gas and mineral deposits as reserved in Instrument recorded in Book 86 of Deeds, Page 49.

Manufactured home included:
CMH Manufacturing West, Inc.
Model Name: SCHULT 51SON32603AH06S
Serial Number: BUC001302AZA/B

IT IS FURTHER STIPULATED that the debtor will cure the post-petition arrearages currently due as follows:

| | |
|---|---|
| 3 - MONTHLY PAYMENTS AT $1,330.77 EACH (MAY 1, 2009 TO JULY 1, 2009) | $3,992.31 |
| 3 - LATE CHARGES AT $53.23 EACH (JANUARY 16, 2009 TO JUNE 16, 2009) | $ 159.69 |
| POST-PETITION PROPERTY INSPECTION | $ 15.00 |
| BANKRUPTCY ATTORNEY FEES & COSTS | $ 950.00 |
| LESS DEBTOR'S SUSPENSE OF | <$634.69> |
| LESS $5,500.16 (CASHIER'S CHECK #____) | <$5,500.16> |
| TOTAL AMOUNT OF POST PETITION DEFAULT | $3,753.84 |

1.  The total arrearage above in the amount of $3,753.84 shall be paid in six (6) monthly installments of $625.64. These payments shall be in addition to the regular monthly payment and shall be due on or before the 15th day of the month commencing with the ~~July~~ August 15, 2009 payment and continuing throughout and concluding on or before ~~December~~ Jan. 15, ~~2009.~~ 2010 

2

2.  In addition to the payment listed in Paragraph 1, the Debtor will make the regular post-petition payment due for **July 1, 2009 (Coming Due),** which shall be made when due, and all subsequent payments shall be made when due.

IT IS FURTHER STIPULATED that Wells Fargo Bank, N.A. as the current beneficiary under the above described Deed of Trust, agrees not to conduct a Trustee's Sale or judicial "foreclosure" on its Deed of Trust, so long as the terms of this Stipulation are complied with. In the event of default in making any payments described herein Secured Creditor is permitted, in its discretion, to conduct a Trustee's Sale, judicial foreclosure, or take whatever other actions necessary to protect their interest in the above legally described property upon giving written notice of such default to Debtor, Debtor's Counsel and Trustee and Debtor's failure to cure such default within fifteen (15) days of the date of such notice. In the event said default is not cured within said fifteen (15) day period, all arrearages, both pre-petition and post-petition shall become immediately due and payable in full and pre-petition arrearages shall not continue to be payable under the terms of the Plan.

IT IS FURTHER STIPULATED that if a default notice becomes necessary, Debtor will be charged $150.00 for fees and costs associated with handling the curing of the default, to be paid together with the defaulted payment and late charge. Debtor shall tender the default payment, late charge and the additional $150.00 fee for attorney's fees and costs, as set forth above, in the form of a cashier's check or money order, made payable to Movant. If the defaulted payments are not received by Movant, together with the late charge and the $150.00 default fee, within fifteen days after the default notice was sent, all arrearages, both pre-petition and post-petition shall become immediately due and payable in full and pre-petition arrearages shall not continue to be payable under the terms of the plan.

IT IS FURTHER STIPULATED that if Debtor Bankruptcy Case No. 0:08-bk-15042-RJH is dismissed, either voluntary or involuntary, for any reason, this Stipulation will become null and void and

Wells Fargo Bank, N.A., and after such dismissal, may, in its discretion, conduct a Trustee's Sale or judicial "foreclosure" on its Deed of Trust or take whatever other actions necessary to protect their interest in the above legally described property.

IT IS FURTHER STIPULATED that in the event of conversion by the Debtor to any other bankruptcy chapter, the repayment portion of this Order shall become null and void, except that the portion of this Order vacating the automatic stay under U.S. Bankruptcy Code Section 362 (a) shall remain in full force and effect.

IT IS FURTHER STIPULATED that any hearings scheduled in the matter are vacated.

DATED this _____ day of _____ 2009.

TIFFANY & BOSCO, P.A.

By _____
Mark S. Bosco
Leonard J. McDonald
Attorneys for Movant

_____
Michael Reddig
Attorney for Debtor

_____
Russell A. Brown    9/14/2009
Trustee